**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BIG DOG LOGISTICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1559 |
| | § | |
| STRATEGIC IMPACT CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Big Dog Logistics, Inc. filed this suit in 2006, alleging that the defendants, Strategic Impact Corporation and two of its officers, Kim O. Brasch and Maria C. Floudas, had infringed the use of the plaintiff's trademark. The individual defendants were dismissed. A related state-court suit proceeded to trial in the summer of 2007. After that trial, the plaintiff in this federal case, Big Dog Logistics, moved to dismiss with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Alternatively, Big Dog Logistics moved to dismiss its claims with prejudice, leaving any counterclaims Strategic Impact Corporation was found to have filed. (Docket Entry No. 28).

In response, Strategic Impact Corporation did not identify any counterclaims on which it wanted to proceed. Strategic Impact Corporation agreed that this case should be dismissed with prejudice. However, Strategic Impact Corporation asked this court to condition dismissal on a requirement that Big Dog Logistics pay Strategic Impact the attorney's fees

and costs it incurred in defending this suit, on the ground that this suit was without merit and should not have been filed in this first place.

Rule 42(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule [relating to dismissal by stipulation], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

(Emphasis added).

The general purpose of requiring a plaintiff to pay the defendant's fees and costs as a condition of voluntary dismissal is generally to protect the defendant against prejudice or inconvenience that may result from a voluntary dismissal.  Fees and costs are generally imposed when a case is voluntarily dismissed to permit the plaintiff to pursue the action in another forum.  In such a case, fees and costs are commonly awarded in recognition of the fact that the issues between the parties remain to be decided in other litigation, which exposes the defendant to duplicative fees and expenses.  *See, e.g., Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337 (D.C. Cir. 1988).  The amount of fees and costs awarded must be limited to compensation for work that was not or could not be used in other litigation between the parties.  *Id*.

Courts have held that if the plaintiff seeks a voluntary dismissal with prejudice, it should not be conditioned on an award of fees or expenses unless there is an independent basis for granting such relief.  *See, e.g.*, *Woodard v. STP Corp.*, 170 F.3d 1043 (11th Cir. 1999); *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436 (8th Cir. 1997); *Colombrito v. Kelly*,

764 F.2d 122 (2d Cir. 1985); *Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985); *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y. 1996); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366 at 311-12.  If the defendant is not exposed to the risk of other litigation to resolve the issue, which is the primary basis for awarding fees and costs as a condition for voluntary dismissal, such fees and costs should only be awarded if there is an independent basis to do so.  In this case, Strategic Impact does not identify any independent basis for fee-shifting and the record discloses none.

The motion for voluntary dismissal with prejudice is granted.  The motion to condition dismissal on an award of fees and costs is denied.  Final judgment is entered by separate order.

SIGNED on October 4, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge